UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**Esther Salas**<br>United States District Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102<br>(973-297-4887) |

<u>LETTER ORDER</u>

September 12, 2014

Re:   Peter Ingris v. Borough of Caldwell, et al.
      <u>Civil Action No.: 14-0855 (ES) (JAD)</u>

Counsel:

This Letter Order comes before the court, on the Court's own motion, with regard to Plaintiff's Amended Complaint. (D.E. No. 36). Because Plaintiff made no attempt to comply with Federal Rule of Civil Procedure 15, which governs Amended and Supplemental Pleadings, Plaintiff's Amended Complaint is stricken. The Court will, however, permit Plaintiff to file a motion for leave to amend his pleading on or before September 26, 2014.

**I.   Plaintiff's Amended Complaint**

Plaintiff commenced this action by filing his original Complaint on February 6, 2014. (ECF No. 1). All Defendants subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(B)(6). (ECF No. 4, ECF No. 8, ECF No. 9, ECF No. 13). Those motions are currently pending. On July 29, 2014, Plaintiff filed his purported Amended Complaint. (ECF No. 36).

Federal Rule of Civil Procedure 15 governs amendments and supplemental pleadings. Rule 15(a)(1) states that a "a party may amend its pleading once as a matter of course" either "within 21 days of serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier." Rule 15(a)(2) applies to all other amendments and provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." A thorough review of the docket for this matter confirms that Plaintiff filed his Amended Complaint in violation of Federal Rule of Civil Procedure 15.

As mentioned above, Plaintiff filed his Complaint on February 6, 2014. (ECF No. 1). Defendants filed their motions to dismiss between March 10, 2014 and March 21, 2014. (ECF No. 4, ECF No. 8, ECF No. 9, ECF No. 13). Plaintiff, however, did not file his Amended Complaint until approximately four months later on July 29, 2014. (ECF No. 36). Plaintiff was therefore not entitled to amend his pleading as a matter or right pursuant to Federal Rule of Civil Procedure 15(a)(1).

Additionally, as Plaintiff did not have the Court's leave to amend, and nothing on the docket reflects that his adversaries had provided their written consent to his amendment, Plaintiff has failed to comply with the requirements set forth in Rule 15(a)(2). As Plaintiff failed to comply with Rule 15(a), his Amended Complaint lacks any legal effect and shall be stricken. Plaintiff's original Complaint remains his operative pleading in this matter.

## II.    Conclusion

As described in detail above, Plaintiff filed his Amended Complaint, (ECF No. 36), in violation of Federal Rule of Civil Procedure 15(a), and that pleading is therefore stricken. Plaintiff may, however, file a motion for leave to amend his pleading on or before September 26, 2014.

**SO ORDERED**

*s/ Esther Salas*
**ESTHER SALAS, U.S.D.J.**

cc:    Hon. Joseph A. Dickson, U.S.M.J.