NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | : | |
|---|---|---|
| **PETER INGRIS, Pro Se,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-855 (ES) |
| | : | |
| v. | : | |
| | : | |
| **BOROUGH OF CALDWELL, et al.,** | : | OPINION |
| | : | |
| Defendants. | : | |
| | : | |

## I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff pro se Peter Ingris ("Plaintiff") seeking leave to file an Amended Complaint [D.E. 46]. Also before the Court are Plaintiff's applications to disqualify defense counsel and change venue to the Trenton vicinage [D.E. 70]. The Court has considered the papers submitted in support of, and in opposition to, Plaintiff's motions. Pursuant to Federal Rule of Civil Procedure 78, the Court decided this motion without oral argument. For the reasons set forth below, Plaintiff's motions are denied.

## II. BACKGROUND

On February 6, 2014, Plaintiff filed the Complaint, asserting multiple claims against fifteen defendants in connection with his interactions with the Pio Costa Foundation, Inc., the landlord of the commercial property Plaintiff leased, as well as the Borough of Caldwell, and certain of its officials. See generally Compl., Feb. 6, 2014, D.E. 1. Thereafter, multiple Defendants filed motions to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See D.E. 4, 8, 9, 13.

With those motions pending, Plaintiff filed an Amended Complaint on July 29, 2014, see D.E. 36, in violation of Federal Rule of Civil Procedure 15.  By Letter Order, dated September 12, 2014, the Honorable Esther Salas, United States District Judge, struck Plaintiff's Amended Complaint because he neither sought the Court's leave to amend nor obtained his adversaries' consent.  See Letter Order, dated Sept. 12, 2014, D.E. 45.  The District Court, however, granted Plaintiff an opportunity to file a motion to amend by September 26, 2014.  See id.

On September 22, 2014, Plaintiff filed the instant motion for leave to amend.  See Pl.'s Mot. to Amend, Sept. 22, 2014, D.E. 46.  In his proposed First Amended Complaint ("PFAC"), Plaintiff seeks to add claims against twenty-one new defendants.[1]  See generally PFAC, Sept. 22, 2014, D.E. 46-1.  Specifically, although he re-states his previous claims against his commercial landlord, and the Borough of Caldwell, Plaintiff now seeks to add claims against, among others, multiple attorneys and judges involved in other cases in which Plaintiff was a party.  See id.; see also Pl.'s Reply, Oct. 6, 2015, D.E. 51.  Plaintiff also seeks to add Iliyana Schaaf ("Ms. Schaaf"), whom Plaintiff describes as his former professional dance partner and former fiancé, as a Plaintiff.  See PFAC, at 3 and ¶ 2, Sept. 22, 2014, D.E. 46-1.

Ms. Schaaf, as well as proposed Defendants Adam Kenny, Esq. and Weiner Lesniak LLP (collectively, the "WL Defendants"), oppose Plaintiff's motion.  See WL Defs.' Opp'n Br., Oct.

---

[1] It appears that Plaintiff seeks to add the following twenty-one defendants:  GSMJIF, Christine Krentzlin, Kevin Krystopik, Esq., Hon. S. Lombardi, J.S.C., Hon. R. Davidson, J.S.C., Hon. F. Schott, J.S.C., Elizabeth Ann Strom, Patrick Toscano, Esq., Adam Kenny, Esq., Weiner Lesniak LLP, Paul Schafhauser, Herrick Feinstein LLP, Cipriano Law Offices, Jason Mastrangelo, Marcella Wilson, Hon. Frank Pomaco JMC, Fairfield Township, Glen Ridge Borough, Borough of Roseland, Eric Magley, and Hanover Township.  See PFAC, at 1, Sept. 22, 2014, D.E. 46-1.

2, 2014, D.E. 48; see also Mot. to Dismiss Involuntary Pl. Iliyana Schaaf, Oct. 17, 2014, D.E. 52.

No other party, or proposed party, has opposed Plaintiff's motion.[2]

### III. DISCUSSION

"The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, No. 10-1283 (NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when

---

[2] Plaintiff also has moved to disqualify defense counsel and to change venue to the Trenton vicinage. See D.E. 70. It appears that Plaintiff intended for this motion to apply in this case as well as in the following: (1) Ingris v. Borough of Caldwell, No. 14-6388 (ES-MAH) (remanded to New Jersey Superior Court on or about February 23, 2015); (2) Pio Costa Foundation Inc. v. Dancesport4you, Inc., No. 14-7382 (WJM-MF) (remanded to New Jersey Superior Court on or about March 26, 2015); and (3) Ingris v. Drexler, No. 14-2404 (ES-MAH) (dismissed on or about March 30, 2015). To be clear, the Court addresses this motion solely in the context of this matter. This Court takes no position on Plaintiff's motion in any other matter.

Plaintiff's motion to disqualify counsel makes diffuse and amorphous allegations against members of the bar and judges of the New Jersey federal and state courts. But neither Plaintiff's brief nor his affidavit provides any factual substantiation for those accusations. Indeed, much of Plaintiff's argument appears to be disagreement with the courts' management of, and rulings in, his lawsuits. See, e.g., Affidavit of Peter Ingris, D.E. 70-1, at 8. Specific to this case, Plaintiff's motion may be read to assert that counsel for the Borough of Caldwell Defendants and Pio Costa Defendants have a conflict of interest that prevents them from representing their clients. But it is difficult to discern exactly what the conflict is, much less evaluate whether it requires disqualification. Plaintiff appears to allege some defense counsel might be fact witnesses in one or more of Plaintiff's lawsuits. See, e.g., Pl.'s Br., D.E. 70, at 5-6. However, Plaintiff utterly fails to explain why those attorneys would be necessary witnesses at trial. It is well settled that a party must exhaust alternate sources of testimony before counsel of record may be deemed a necessary witness for trial. Macario v. Pratt & Whitney Canada, Inc., No. 90-3906, 1991 WL 94278, *5 (E.D. Pa. May 28, 1991). Plaintiff has made no such showing of exhaustion here. Accordingly, Plaintiff's application to disqualify counsel is denied.

Plaintiff's application to change vicinage also is denied. Plaintiff offers no factual or legal support for the application, other than the vague assertion that the change is "in the interest of justice and fairness[,]" Pl.'s Br., D.E. 70, at 10. Local Civil Rule 40.1 governs the allocation and assignment of cases. Because Plaintiff offers nothing to suggest that the allocation in this case was erroneous under Rule 40.1, the Court will deny this application.

justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller § 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). On the other hand, "Rule 16 . . . requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). While there sometimes might be "tension" between the standards of the two Rules, id. at *2 n.3, Third Circuit courts "have consistently reached the same conclusion: a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4)—i.e., that party must show 'good cause.'" Id. at *2; see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed).

Here, Rule 15 governs Plaintiff's motion. The Letter Order, dated September 12, 2014, set September 26, 2014 as the deadline to file any motions for leave to amend the pleadings. See Letter Order, dated Sept. 12, 2014, D.E. 45. Plaintiff timely filed this motion on September 22, 2014. See Pl.'s Mot. to Amend, D.E. 46. Thus, Rule 15, which contains a "more lenient standard than good cause," Charles A. Wright et al., 6A Federal Practice and Procedure, § 1522.2 (3d ed. 2010), applies here. This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. 11-1656 (JLL), 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993); see also Foman v. Davis, 371 U.S. 178, 182 (1962). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas v. General Motors Corp., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Here, the WL Defendants challenge certain of Plaintiff's proposed amendments on "futility" grounds. See WL Defs.' Opp'n Br., Oct. 2, 2014, D.E. 48. To determine whether an amendment would be "properly dismissed," the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Harrison Beverage, 133 F.R.D. at 468 ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). A two-part analysis determines whether this standard is met. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated

therein must be accepted as true, but the Court may disregard legal conclusions. Id. at 210-11; West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3rd Cir. 2010); see also Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations marks omitted).

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Fowler, 578 F.3d at 211. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. The plausibility standard is not a "probability requirement," but the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678-79 (citations omitted) (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

A court conducting a futility analysis based only upon the sufficiency of the pleading must consider a limited record. Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents provided the claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord West Penn, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint").

Further, the defendants bear the burden of establishing that the plaintiff's proposed amendments are futile, which is a "heavy" burden, "given the liberal standard applied to the amendment of pleadings." Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2012 WL 6005709, at *3 (D.N.J. Nov. 30, 2012). Thus, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." Schiano v. MBNA, No. 05-1771 (JLL), 2013 WL 2452681, at *11 (D.N.J. Feb. 11, 2013) (internal citations omitted).

In this case, only the proposed WL Defendants, and proposed co-plaintiff Ms. Schaaf, challenge Plaintiff's proposed amendments. See WL Defs.' Opp'n Br., Oct. 2, 2014, D.E. 48; see also Mot. to Dismiss Involuntary Pl. Iliyana Schaaf, Oct. 17, 2014, D.E. 52. Specifically, counsel for the WL Defendants, who also represents several other defendants in this matter, note that Plaintiff's PFAC "contains the same allegations against the same parties who were identified in the original Compliant,' and that those defendants' arguments in support of their previously filed motions to dismiss "apply with equal force and effect to the reiterated allegations of the [PFAC]." WL Defs.' Opp'n Br., at 1, Oct. 2, 2014, D.E. 48. Even though counsel has represented that those allegations were included in Plaintiff's original Complaint, those allegations are not before the Court in the context of Plaintiff's motion to amend. See id. Instead, they may properly be the subject of a motion to dismiss either the original Complaint (if the Court denies Plaintiff's motion) or the First Amended Complaint (if the Court grants Plaintiff's motion). Likewise, if the Court grants Plaintiff's motion for leave to amend, any newly added parties would have an opportunity to challenge the First Amended Complaint.

7

Plaintiff seeks to replace his already prolix, seventy-one page Complaint with an even more prolific 107- page pleading. Compare Compl., D.E. 1, with PFAC, D.E. 46-1. Plaintiff wishes to add claims against twenty-one new defendants, many of whom were lawyers, law firms or judges involved in other legal matters concerning Plaintiff. See generally PFAC, Sept. 22, 2014, D.E. 46-1. Plaintiff also seeks to add Ms. Schaaf, his former professional dance partner, as a named plaintiff. See id. at ¶ 2. As noted above, Ms. Schaaf and the WL Defendants oppose the proposed amendments. See WL Defs.' Opp'n Br., Oct. 2, 2014, D.E. 48; see also Mot. to Dismiss Involuntary Pl. Iliyana Schaaf, Oct. 17, 2014, D.E. 52. The Court will address their arguments in turn.

### A. Plaintiff's Addition of Iliyana Schaaf as a Named Plaintiff

After Plaintiff filed his motion requesting leave to amend to, among other things, name Ms. Schaaf as a plaintiff, Ms. Schaaf filed a motion seeking to dismiss any such claims brought on her behalf. See Mot. to Dismiss Involuntary Pl. Iliyana Schaaf, Oct. 17, 2014, D.E. 52. In support of that application, Ms. Schaaf certified that she has "no interest in any of the claims asserted by Ingris in this litigation", see Certification of Iliyana Schaaf ("Schaaf Certif."), at ¶ 2, D.E. 52-1, that she "made it clear to Ingris that [she did] not want to participate in this litigation as a plaintiff", see id. at ¶ 3, and that she did "not wish to pursue any of the causes of action enumerated in this lawsuit against any of these defendants." See id. at ¶ 4. In short, it appears that, despite Ms. Schaaf's unequivocal statements that she did not wish to participate in this litigation, Plaintiff nevertheless seeks to bring claims on her behalf.

Nothing in either the PFAC or the record for this matter provides any basis for finding that Plaintiff has standing to do so. Plaintiff has presented no credible legal authority to do so. He has neither explained how he has standing to assert on her behalf a claim she clearly does not

8

wish to pursue, nor how Ms. Schaaf is a necessary party in this litigation. The Court therefore finds that, to the extent that Plaintiff seeks to amend his pleading to add Ms. Schaaf as a plaintiff, his motion must be denied. See, e.g., In re Cook, 589 F. App'x 44, 46 (3d Cir. 2014) ("[P]ro se litigants . . . may not represent parties in federal courts other than themselves.") (citing 28 U.S.C. § 1654); see also Wallace v. Fed. Judges of United States Dist. Court, 311 F. App'x 524, 526, n.2 (3d Cir. 2008) ("As Wallace proceeds pro se, he may not represent Margaret and may only assert claims brought in his own right."); House v. Housing and Urban Development, No. 05-3811 (FLW), 2006 WL 3779762, at *1 n.1 (D.N.J. Dec. 20, 2006) ("Plaintiff is proceeding pro se and may not file a complaint on behalf of another party.").[3]

### B. Plaintiff's Proposed Claims Against Adam Kenny, Esq. and Weiner Lesniak

Plaintiff also seeks leave to add claims against one or both of the WL Defendants, as follows: (i) unlawfully discriminating against Plaintiff in connection with certain parking contracts, zoning use charge applications, administrative inspections, and police searches, in violation of Plaintiff's constitutional rights and 42 U.S.C. § 1981, see PFAC, Count 1, at ¶¶ 435-441, D.E. 46-2; (ii) committing multiple other constitutional violations under 42 U.S.C. § 1983, see id., at Count 2, ¶¶ 442-446; (iii) engaging in a conspiracy to deprive Plaintiff of equal protection under the law, see id., at Count 3, ¶¶ 447-448; (iv) knowingly failing to prevent violations of 42 U.S.C. § 1985, see id., at Count 4, ¶¶ 449-452; (v) implementing policies, promoting racial discrimination, and failing to properly train or otherwise ensure that their employees complied with anti-discrimination laws, see id., at Count 5, ¶¶ 453-455; (vi) violating both the federal Racketeer Influenced Corrupt Organizations Act and its New Jersey analog, see id., at Count 7, ¶¶ 461-468 (seeking both monetary and equitable relief); and (vii) intentionally

---

[3] By denying Plaintiff's request to add Ms. Schaaf as a plaintiff, the Court's decision moots Ms. Schaaf's pending motion to dismiss [D.E. 52].

inflicting emotional distress upon Plaintiff, see id., at Count 8, ¶¶ 469-473.  Plaintiff also seeks wide-ranging equitable relief against Defendant Weiner Lesniak LLP, along with multiple other entities, in connection with its allegedly discriminatory policies and practices.  See id., at Count 6, ¶¶ 456-460.

While Plaintiff implicates one or both of the WL Defendants in many of his allegations, nearly all of those instances consist of impermissible group pleading in which he has lumped multiple, unrelated defendants together without any explanation regarding how, if at all, specific defendants were involved with the alleged conduct at issue.  For example, Plaintiff makes collective references to twenty-three different defendants when using the abbreviation "PCF_FAMILY."  See PFAC, at 7, D.E. 46-1.  That group includes, among others:  (1) Pio Costa Enterprises, a Fairfield-based company; (2) the Borough of Caldwell; (3) the mayor of Caldwell; (4) a Judge of the Fairfield Municipal Court; (5) multiple police officers; (6) a Judge of the New Jersey Superior Court; (7) municipal prosecutors in both Caldwell and Fairfield; and (8) six attorneys in private practice, including proposed defendant Adam Kenny, Esq.  See id.  In addition, when pleading each of his proposed causes of action, Plaintiff collectively refers to "all defendants named in this count", without describing what any particular defendant actually did, or how those alleged activities might be actionable under the law.  See id. at ¶¶ 435-482.  In other words, Plaintiff does not link any activities that he alleged elsewhere in the PFAC with his proposed causes of action.  Thus, to the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.

In Japhet v. Francis E. Parker Mem. Home, Inc., the court recognized that such group pleading "undermines the notice pleading regime of Rule 8." No. 14-1206, 2014 WL 3809173,

at *2 (D.N.J. July 31, 2014) (citing Twombly, 550 U.S. at 555).  In that case, the court found, in pertinent part, that "[a]lleging that 'Defendants' undertook certain illegal acts — without more — injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." Id. (determining that, in light of the plaintiff's vague group pleading, the complaint "must therefore be dismissed."); see also Falat v. County of Hunterdon, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (reasoning that "[i]t may at times be appropriate and convenient for a pleading to use the short-hand term "Defendants," but when the Complaint has named 16 separate defendants (exclusive of fictitiously named defendants) who occupied different positions and presumably had distinct roles in the alleged misconduct, Plaintiffs cannot merely state that "Defendants did x"— they must specifically allege which Defendants engaged in what wrongful conduct.  Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of the allegations against them.").

    Similarly, in this case, it is particularly crucial that Plaintiff specifies in his pleadings which defendants did what because Plaintiff's proposed pleading:  (1) spans 107 pages; (2) involves multiple and distinct alleged incidents; (3) names thirty-four defendants (many, if not most of which appear to be unrelated but for their connection to Plaintiff); and (4) incorporates more than fifty abbreviations, some of which represent additional, purported subgroups of defendants, such as "PCR_FAMILY" and "Consigliere". See PFAC, at 7, ¶ 287, Sept. 22, 2014, D.E. 46-1.  Therefore, this Court will consider only Plaintiff's specific allegations as to the WL Defendants to determine whether Plaintiff's PFAC sufficiently alleges claims against those proposed defendants.

11

1. **Plaintiff's Specific Allegations Against Mr. Kenny**

Plaintiff specifically references Adam Kenny, Esq. in thirteen paragraphs of his 482-paragraph PFAC.  See PFAC, at ¶¶ 60-63, 287, 358, 360-62, 393, 416, 424 and 427, Sept. 22, 2014, D.E. 46-1, 46-2.  The Court will address a few of those references:

- In paragraph 287, Plaintiff alleges that "consiglieres" "such as [Mr. Kenny]" are racially biased and called Plaintiff a "pathological liar" and an "infectious disease" in "extrajudicial writings and during the depositions."  Plaintiff also alleges that those "consiglieres" were responsible for "causing [Plaintiff's] arrest" at one point.  Plaintiff does not provide any indication as to what Mr. Kenny, as opposed to other alleged "consiglieres," is alleged to have done.

- In paragraph 358, Plaintiff alleges that Weiner Lesniak, through Mr. Kenny, entered an appearance as counsel in a matter pending in the New Jersey Superior Court.

- In paragraph 362, Plaintiff alleges "upon information and belief" that Mr. Kenny "communicated" with Patrick Toscano, Esq. for the purpose of intimidating Plaintiff into withdrawing a particular lawsuit.  Plaintiff does not provide any details with respect to this allegation.

- In paragraph 393, Plaintiff alleges that Mr. Kenny, along with six others, "coordinated their actions to purge [Plaintiff] from [his business] . . . and from [Caldwell]" and to obtain evidence related to a specific litigation that was "stored" in Plaintiff's place of business.  Plaintiff does not provide any factual detail regarding these allegations, let alone what Mr. Kenny, as opposed to the other six individuals named in this paragraph, is alleged to have done.

- In paragraph 424, Plaintiff alleges that "PCF_FAMILY with the help of [Mr. Kenny and eight other individuals, including two judges] caused [a] criminal prosecution against [Plaintiff], to intimidate [Plaintiff], and to interfere with [Plaintiff's] civil righst [sic] against [proposed defendant Krentzlin] and PCF_FAMILY."  Plaintiff has not provided any factual information concerning what actions, if any, that Mr. Kenny took with regard to "causing" the criminal prosecution in question.

- In paragraph 427, Plaintiff states that Mr. Kenny, along with nineteen others, participated in one or more "racketeering activities."  Here, Plaintiff simply provides a list of defendants, and a list of racketeering activities, without offering any factual content linking the two.  For instance, Plaintiff fails to specifically allege which of Mr. Kenny's activities might constitute any of the nineteen types of "racketeering activities" Plaintiff has listed.

Plaintiff also refers to actions taken by one or more attorneys that he has labeled, collectively, as "consigliere." See id. at 7. Plaintiff has included Mr. Kenny in that group in at least one allegation. See id. at ¶ 287. Plaintiff vaguely alleges that certain of those "consigliere" had ex parte communications with various judges of the New Jersey Superior Court, and that those judges granted certain non-specified attorneys' requests for extensions, while denying Plaintiff similar courtesies. See id. at ¶¶ 283, 296-97.

Even where Plaintiff has specifically identified Mr. Kenny by name, he has not, in most instances, provided factual information setting forth what Mr. Kenny, as opposed to other defendants referenced in the same paragraph, is alleged to have done. See id. at ¶¶ 287, 393, 416, 424, 427. However, granting all reasonable inferences in Plaintiff's favor and thus, attributing the activities of unnamed "consigliere" to Mr. Kenny, Plaintiff has alleged that: (1) Mr. Kenny is an attorney affiliated with Weiner Lesniak LLP, see id. at ¶¶ 60-63; (2) Mr. Kenny called Plaintiff one or more names in "extrajudicial writings" and/or during depositions, see id. at ¶ 287; (3) Mr. Kenny entered an appearance on behalf of a client adverse to Plaintiff in a litigation pending in the New Jersey Superior Court, see id. at ¶ 358; (4) Mr. Kenny declined to respond to an e-mail from Plaintiff, see id. at ¶¶ 360-61; (5) Mr. Kenny communicated with Patrick Toscano, Esq., another attorney who represented clients adverse to Plaintiff in a case pending in the New Jersey Superior Court, in connection with that lawsuit, with the underlying purpose being to convince Plaintiff to withdraw his claims in that action, see id. at ¶ 362; (6) Mr. Kenny had one or more ex parte discussions with judges of the New Jersey Superior Court, see id. at ¶¶ 283, 296; and (7) Mr. Kenny sought and received one or more adjournments in connection with litigation pending in the New Jersey Superior Court, see id. at ¶ 297.

### 2. Plaintiff's Specific Allegations Against Weiner Lesniak LLP

Plaintiff specifically references Weiner Lesniak LLP in only five paragraphs of his PFAC.  See PFAC, at ¶¶ 59-62, 358, Sept. 22, 2014, D.E. 46-1, 46-2.  In the first four paragraphs, Plaintiff simply identifies the firm and its connection to proposed Defendant Mr. Kenny.  See id. at ¶¶ 59-62.  Plaintiff references Weiner Lesniak LLP one last time in paragraph 358, where Plaintiff alleges that the firm, through proposed Defendant Mr. Kenny, entered an appearance on behalf of the "PCF_FAMILY" in a litigation pending in the New Jersey Superior Court.  See id. at ¶ 358.

### 3. Plaintiff Has Failed to State a Claim Against the WL Defendants

The WL Defendants argue that it would be futile to permit Plaintiff to assert his proposed claims against them because each of those claims is barred by the litigation privilege.  See WL Defs.' Opp'n Br., at 2, Oct. 2, 2014, D.E. 48.  The WL Defendants assert that at all relevant times in this action, they represented Defendants:  (1) Borough of Caldwell; (2) Mayor Ann Dassing; (3) Councilman Murray; (4) Joseph DeFuria; (5) Inspector Milani; (6) Police Chief Bongiorno; (7) Sgt. Arnold; (8) Sgt. Pellegrino; (9) Officer Apicella; (10) Officer Butchyk; and (11) the Joint Insurance Fund ("JIF").  See Certification of Adam Kenny ("Kenny Cert.") in Supp. of WL Defs.' Opp'n Br., at ¶ 1, Oct. 2, 2014, D.E. 48.  Thus, the WL Defendants contend that it is "indisputable" that Plaintiffs proposed claims against them are barred by the litigation privilege because the privilege applies to:  (1) any communication; (2) made in judicial or quasi-judicial proceedings; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.  See WL Defs.' Opp'n Br., at 3, Oct. 2, 2014, D.E. 48 (citing Hawkins v. Harris, 141 N.J. 207, 216 (1995)).

The Court finds that Plaintiff's specific factual allegations concerning the WL Defendants are sparse, at best. When pleading each of his causes of action, Plaintiff simply incorporated all of his previous allegations by reference, set forth a list of the defendants he intended to include in each count, and then pled a series of legal conclusions, alleging in each instance that "all defendants named in this count"[4] engaged in the conduct at issue. See id. at ¶¶ 435-482. At least with regard to the WL Defendants, Plaintiff has not made any effort to connect his meager factual allegations regarding those defendants with the alleged causes of action.[5] For example, in addition to the previously discussed references to Mr. Kenny, Plaintiff alleges that proposed defendant Christine Krentzlin and her attorney, Paul Schafhauser, "entered in secret agreement [sic] with PCF_FAMILY and [Mr. Kenny] to take control over [Plaintiff's business] and to purge [Plaintiff] from [Caldwell] . . ." by instituting criminal proceedings against Plaintiff. See PFAC, at ¶ 416, Sept. 22, 2014, D.E. 46-2. Plaintiff, however, does not provide any factual allegations setting forth what actions, if any, Mr. Kenny took in that process. Such failure is, by itself, fatal to Plaintiff's proposed claims. See, e.g., Falat, 2013 WL 1163751, at *3 (finding that "[t]o the extent that the Complaint does include specific allegations against particular Defendants, it largely fails to connect these factual allegations to the specific counts in the Complaint . . . . It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another."). Simply put, judges "'are not archaeologists. They need not excavate masses of papers in search of revealing tidbits.'" Id. (quoting Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662 (7th Cir. 1994)).

---

[4] Plaintiff sometimes uses the functionally identical language "all defendants named to this count." See, e.g., PFAC, at ¶ 358, Sept. 22, 2014, D.E. 46-2.

[5] This flaw permeates the proposed Amended Complaint. However, only the proposed WL Defendants have challenged Plaintiff's proposed amendment.

It is Plaintiff's responsibility to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has established that, to meet that burden, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Here, Plaintiff falls well short of his obligation to do so as to the WL Defendants. The Court, therefore, declines to engage in individually analyzing Plaintiff's various causes of action against the WL Defendants to see whether any of the proposed claims can be salvaged. Because Plaintiff has failed to plead facts sufficient to establish a plausible entitlement to relief against Mr. Kenny or Weiner Lesniak LLP, the Court denies Plaintiff's motion with regard to those proposed defendants.

Even if Plaintiff's proposed claims against the WL Defendants contained sufficient factual detail as required under Federal Rule of Civil Procedure 8(a) and the United States Supreme Court's decisions in Twombly and Iqbal, Plaintiff's claims would likely fail under New Jersey's litigation privilege. The litigation privilege insures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability." Peterson v. Ballard, 292 N.J. Super. 575, 679 (N.J. Super. Ct. App. Div. 1996). Specifically, the privilege applies to any communication: "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins, 141 N.J. at 216. "One purpose of the privilege is to encourage open channels of communication and the presentation of evidence in judicial proceedings." Id. (quotation marks omitted). Another purpose is to afford parties "an unqualified opportunity to explore the truth of a matter without fear of recrimination." Id. at 289-90. The privilege is

16

expansive and "protects attorneys not only from defamation actions, but also from a host of other tort-related claims". See Williams v. BASF Catalysts LLC, 765 F.3d 306, 318 (3d Cir. 2014) (citing Loigman v. Township Committee of Tp. of Middletown, 185 N.J. 566, 583 (2006)).

Here, at all relevant times in this action, the WL Defendants represented Defendants: (1) Borough of Caldwell; (2) Mayor Ann Dassing; (3) Councilman Murray; (4) Joseph DeFuria; (5) Inspector Milani; (6) Police Chief Bongiorno; (7) Sgt. Arnold; (8) Sgt. Pellegrino; (9) Officer Apicella; (10) Officer Butchyk; and (11) JIF. See Kenny Cert., at ¶ 1, Oct. 2, 2014, D.E. 48. As discussed above, granting all reasonable inferences in Plaintiff's favor, Plaintiff has alleged that, among other things, Mr. Kenny called Plaintiff names in "extrajudicial writings" and/or during depositions, see PFAC, at ¶ 287, Sept. 22, 2014, D.E. 46-2, Mr. Kenny entered an appearance on behalf of a client adverse to Plaintiff in a litigation pending in the New Jersey Superior Court, see id. at ¶ 358, and Mr. Kenny declined to respond to an e-mail from Plaintiff, see id. at ¶¶ 360-61. The WL Defendants contend that to the extent that Plaintiff's proposed allegations against them arise out of communications they had during the litigation and in the course of representing their clients, those claims are foreclosed under the litigation privilege. See Kenny Cert., at ¶ 5, Oct. 2, 2014, D.E. 48. This Court agrees. Even assuming arguendo that such actions constituted a basis for a viable cause of action, to the extent that Plaintiff's allegations against the WL Defendants are based on communications made for the purpose of litigation, Plaintiff's claims are subject to the litigation privilege. Therefore, allowing Plaintiffs leave to amend the Complaint to include the WL Defendants would likely be futile.

### C. Plaintiff's Proposed Amendments as to Other Defendants

In addition to requesting leave to add claims on behalf of Ms. Schaaf and against the WL Defendants, Plaintiff seeks to add claims against a number of other defendants. Within the Third

Circuit, courts must grant a plaintiff leave to amend in the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive. Grayson v. Mayview State Hosp., 293 F. 3d at 108. The Court has already determined that nothing in the record suggests that Plaintiff's PFAC is the product of any undue delay or bad faith/dilatory motive, or that the pleading would cause Defendants any undue prejudice. The Court further recognizes that the party challenging a proposed amendment bears the "heavy" burden of establishing its futility. Pharm. Sales & Consulting Corp., 106 F. Supp. 2d at 764. Again, here, other than the WL Defendants and Ms. Schaff, no other party opposes Plaintiff's motion.

Nevertheless, from the face of the current PFAC, the Court cannot ascertain the specifics of many of Plaintiff's causes of action against the nineteen other proposed Defendants. Thus, because the proposed Defendants have not been given fair notice of the allegations against them, see Falat, 2013 WL 1163751, at *3, the Court finds that a chart setting forth the specifics as to each individual Defendant, including the specific acts that form the factual basis of the claims asserted against each Defendant, is necessary to clarify the allegations in the Complaint. See, e.g., Brennan v. Palmieri, No. 07-4364, 2008 WL 2355203, at *6 (D.N.J. June 4, 2008) (concluding that because the court cannot determine the specifics of Plaintiff's fraud allegations against individual Defendants, that the Plaintiff shall file a chart setting forth the factual basis of the asserted claims). This chart shall be submitted in conjunction with the filing of any new motion for leave to amend the complaint. Specifically, concurrently with the filing of any renewed motion to amend, Plaintiff shall submit a chart, in column form, that shall include but is not limited to: (1) a list of each individual proposed Defendant; (2) a list of each of the claims asserted against each individual Defendant; and (3) a description of the factual allegations of each claim against each individual Defendant. The Court takes no position on the merits of any

such re-submitted motion to amend, or on the merits of any claims against the other proposed Defendants. Accordingly, the Court denies without prejudice Plaintiff's motion as to all proposed Defendants, other than the WL Defendants.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend [D.E. 46] is denied. Specifically, Plaintiff's motion is denied to the extent he seeks to add claims on behalf of Iliyana Schaaf or against Adam Kenny, Esq., or Weiner Lesniak LLP. The balance of Plaintiff's motion is denied without prejudice. Plaintiff's motion to disqualify counsel and to change venue [D.E. 70] also is denied.

An appropriate Order accompanies this Opinion.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: June 9, 2015